**In the Interest of A.D.L. and E.E.L., Minor Children,**

**T.L., Father, Appellant.**

**No. 92-902.**

Court of Appeals of Iowa.

Dec. 29, 1992.

---

Brian E. Buckmeier of Berenstein, Vriezelaar, Moore, Moser & Tigges, Sioux City, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., Judy A. Sheirbon, Asst. Atty. Gen., Mary Brown, Student Legal Intern, and Marleen J. Loftus, Asst. County Atty., for appellee State.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

The father, Thomas,[1] appeals a juvenile court order adjudicating his two children in need of assistance pursuant to Iowa Code sections 232.2(6)(b), (c)(1), and (d) (1991). The father contends the juvenile court erred in finding by clear and convincing evidence he sexually and physically abused his two children. We affirm.

Thomas and Fran are the parents of Alicia, born September 8, 1982, and Ellen, born October 19, 1985. The parents were divorced in April 1988. Pursuant to the terms of the dissolution decree, physical custody of the children was awarded to Thomas. The mother was to have her visitation with the children every other weekend following the dissolution of marriage. During this custody arrangement Thomas sometimes interfered with the mother's visitation when she was delinquent in her child support payment.

On August 24, 1991, Alicia disclosed to a relative she had been sexually abused by her father. The child's relatives told her mother, who in turn contacted the Department of Human Services (DHS). Alicia was physically examined and interviewed. On September 3, 1991, an emergency removal hearing was held concerning the two children. As a result the children were removed from the custody of their parents and placed with the DHS for emergency foster care.

The juvenile court found the physical evidence as presented in the medical records showed Alicia had been sexually abused and both girls had been physically abused. Although Alicia did not testify, the juvenile court reviewed the written reports from a DHS worker who interviewed the girls, the written reports from a child protection investigator, the written reports from a doctor who examined the girls, and a videotaped interview given by Alicia. The court found Alicia provided a great amount of detail in recounting the incidents of abuse. The court ruled the child was credible and was not fantasizing the details of the sexual acts her father had perpetrated upon her. The court also concluded there was clear and convincing evidence Thomas had physically abused both children. On June 23, 1992, the court entered its order adjudicating both children in need of assistance.

The court ordered the children remain in foster care with visitation to be arranged at the discretion of the Iowa Department of Human Services. On May 4, 1992, following a dispositional hearing, the court ordered the children remain in foster care.

1. Thomas, Fran, Alicia, and Ellen are not the parties' real names. The father's initials are T.L.; the mother's initials are F.L.; and the children's initials are A.D.L. and E.E.L. We have used the pseudonyms Thomas, Fran, Alicia, and Ellen throughout the opinion for the sake of simplicity in the identification of parties.

Thomas has appealed the finding the children are in need of assistance.

Appellate review of a juvenile court's finding of a child in need of assistance is de novo. *In re J.R.H.*, 358 N.W.2d 311, 317 (Iowa 1984). Of paramount concern is the welfare and best interest of the child. *In re D.L.*, 401 N.W.2d 201, 202 (Iowa App.1986). The reviewing court must review the record to determine whether the finding of a child in need of assistance is supported by clear and convincing evidence. Iowa Code § 232.96(2) (1991). Although, on review, the court is not bound by the findings of the juvenile court, "we give weight to the juvenile court's findings of fact because the juvenile court has had the unique opportunity to hear and observe the witnesses first hand." *In re S.V.*, 395 N.W.2d 666, 668 (Iowa App.1986).

I. *Abuse.* Alicia has maintained consistency in recounting the incidents of sexual abuse. She continues to identify her father as the perpetrator. The detail and explicit description Alicia has provided regarding the sexual acts is significant. The descriptions Alicia provided were indicative of her truthfulness. Alicia related the incidents of abuse with detailed information about location and circumstances surrounding the abuse. In her interview with the DHS worker, Alicia described incidents when her father placed his penis in her private area, rectum, and forced her to perform oral sex. She also recounted an incident when her father placed a washcloth beside the bed before intercourse, and described how semen felt and looked. With regard to another incident she described her father's actions when he forced her to perform oral sex after they had showered. She contends her father hit her across the face when she began to choke during this incident. Alicia also provided a demonstration of sexual intercourse through the use of two anatomically-correct dolls. The amount of detail and description provided by Alicia supports a finding she was sexually abused.

Medical evidence also supports the conclusion Thomas sexually abused his daughter. Dr. Carlton reported Alicia's labia majora was wider than normal and her hymen was thicker than normal for a girl her age. He also testified Alicia's hymen was abnormal in that the blood vessels ran in a direction opposite than normal. Dr. Carlton stated such a condition is caused by a tear or trauma to the hymen.

Both children were able to recount incidents of physical abuse. There is evidence in the record the girls were hit and spanked by their parents. Upon examination bruises were found on both children. Dr. Carlton testified the bruises on Alicia's upper thighs were not normal childhood bruises. Evidence shows the parents hit the girls to wake them up when they fell asleep while helping to deliver newspapers at 2 a.m. The medical evidence and testimony provided clear and convincing evidence physical abuse occurred.

After reviewing the various interviews involving Alicia and reviewing the record we find the conclusion reached by the juvenile court was correct. Clear and convincing evidence supports a finding the girls were in need of assistance due to sexual and physical abuse. We affirm.

II. *Polygraph Tests.* Thomas contends the juvenile court erred in excluding the results of a polygraphic examination taken by Thomas on three occasions. The general rule is polygraph evidence is inadmissible in the absence of a stipulation by the parties. *Haldeman v. Total Petroleum, Inc.*, 376 N.W.2d 98, 101 (Iowa 1985) (citations omitted). There is no evidence the State stipulated to the admission of the polygraphic evidence. The defendant's willingness to admit the polygraph testimony is not alone sufficient. *State v. Marti*, 290 N.W.2d 570, 587 (Iowa 1980). The juvenile court did not err in refusing to admit unstipulated polygraph evidence. We affirm on this issue.

III. *Confrontation.* Thomas contends his Sixth–Amendment right to confrontation was violated because he was unable to confront and cross-examine the DHS interviewer and child protection investigator regarding their interviews and writ-

ten reports. This issue was not preserved for appeal. On appeal we usually do not consider issues which are raised for the first time on appeal. *Conner v. State,* 362 N.W.2d 449, 457 (Iowa 1985). Even if the issue had been properly preserved, the Sixth-Amendment right of confrontation does not apply to child in need of assistance (CHINA) proceedings. *In re L.K.S.,* 451 N.W.2d 819, 822 (Iowa 1990).

IV. *Ineffective Assistance.* Thomas contends his attorney at the adjudicatory hearing rendered ineffective assistance by failing to object to the admission of reports from a DHS worker who interviewed the girls and a child protection investigator who filed the abuse report. Thomas contends counsel should have objected on the basis his Sixth-Amendment right to confrontation was being violated.

We properly address this claim on appeal pursuant to *In re J.P.B.* In that case the Iowa Supreme Court stated "[s]ince there is no procedural equivalent to postconviction relief for proceedings to terminate parental rights ... direct appeal is the only way for appellants to raise the issue." *In re J.P.B.,* 419 N.W.2d 387, 390 (Iowa 1988). We conclude the same principle applies in a CHINA proceeding. In this case, however, Thomas failed to prove his attorney was (1) deficient in his performance and (2) caused actual prejudice to Thomas. *Id.* at 392 (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). Thomas's ineffective assistance claim is based on the Sixth-Amendment right to confrontation. There is no Sixth-Amendment right to confrontation in CHINA proceedings. *L.K.S.,* 451 N.W.2d at 822; *see also In re D.J.R.,* 454 N.W.2d 838, 846 (Iowa 1990). Therefore, the attorney's failure to raise such objections did not constitute a deficiency and did not prejudice Thomas.

We affirm the juvenile court decision in all respects.

Costs on appeal are taxed to appellant.

AFFIRMED.

SCHLEGAL, J., takes no part.